IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES WARD,

        Petitioner,

v.                                                                                          Civil Action No. 3:11CV42
                                                                                         Criminal Action No. 3:09CR32

UNITED STATES OF AMERICA,

        Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED**

**I. INTRODUCTION**

On May 20, 2011, Charles Ward ("Petitioner") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] The Government filed its Response on July 6, 2011.[2] Petitioner filed a Reply to the government's response on August 17, 2011.[3] On August 19, 2011, the government filed a Motion to Strike Petitioner's Untimely Reply Made to Its Response.[4] On August 23, 2011, the government filed a Supplement to its Motion to Strike Petitioner's Untimely Reply Made to its Response.[5]

---

[1] Dkt. No. 111.

[2] Dkt. No. 117.

[3] Dkt. No. 118.

[4] Dkt. No. 119.

[5] Dkt. No. 120. This Court finds that because Petitioner fully and adequately addressed all issues in his Petition, it has no need to rely on information provided in Petitioner's Reply. Therefore, this Court will not render a decision on the timeliness of Petitioner's Reply, as raised in the government's Motion to Strike.

## II. FACTS

A.  **Conviction and Sentence**

Pursuant to an Eastern Panhandle Drug and Violent Crimes Task Force investigation, Petitioner was charged in a six-count indictment with conspiracy to distribute and possession with the intent to distribute in excess of 50 grams of cocaine base; distribution and aiding and abetting the distribution of cocaine base; distribution of cocaine hydrochloride; and distribution and aiding and abetting the distribution of heroin, in violation of 21 U.S.C. §§ 812(c), 846, 841(a)(1) and 841(b)(1)(A)-(C), and 18 U.S.C. §2. The indictment was returned on March 18, 2009, in the Northern District of West Virginia, Martinsburg Division. (Dkt. No. 1).

Following his indictment, Petitioner pled guilty to Count three, for aiding and abetting in the distribution of 28.7 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), and he agreed to pay a special assessment of $100, in exchange for dismissal of all other counts.

A Pre-Sentence Report was completed by the United States Probation Office, to which Petitioner's attorney filed no objections, although he did note an error in the report at Petitioner's sentencing hearing. At the sentencing hearing, the United States did not make a motion for the additional acceptance level, believing that it was under no obligation to do so because the terms of the plea agreement stated Petitioner was to pay the $100 special assessment fee, and Petitioner had not paid it. Petitioner's counsel objected to the United States' refusal to make the motion, saying that Petitioner did not have the ability to pay and that the government had represented to him on the day of the plea hearing that the Defendant would receive the third level, although the government argues that it made no such representation.

Petitioner was then sentenced on September 28, 2009, by Chief Judge John Preston

Bailey, to 200 months imprisonment, five years of supervised release, and a $100 special assessment fee. Dkt. No. 77. The sentence imposed varied below the applicable guideline range by ten months.

**B.      Appeal**

Petitioner filed a direct appeal of his conviction and sentence on September 29, 2009. As grounds therefore, Petitioner asserted ineffective assistance of counsel, arguing that his trial counsel was ineffective in advising him to enter the plea, in failing to advise him of the full consequences of the plea, and in failing to advise him that he could have a relevant conduct hearing on the subject of the drug quantity he was held responsible for. See United States v. Ward, No. 09-4898, 2010 WL 2058846 (4th Cir. May 25, 2010) (unpublished). Petitioner's conviction and sentence were affirmed on appeal on May 25, 2010. Id.

**C.      Federal Habeas Corpus**

Petitioner contends he received ineffective assistance of counsel in violation of his Sixth Amendment right in that:

> (1) Counsel was ineffective in failing to research his case, coercing him into signing the plea agreement, and in failing to advise him that he could have a relevant conduct hearing on the subject of the drug quantity he was responsible for.
>
> (3) Counsel failed to challenge the relevant conduct and to challenge the drug quantity attributed to him, and failed to challenge the government's decision not to move for a reduction at the sentencing hear, or to explain the consequences of Petitioner's non-payment of the $100 special assessment fee.

In addition, Petition argues he is entitled to an evidentiary hearing on these issues.

3

The Government contends that the allegations in petitioner's Motion under 28 U.S.C. § 2255 lack merit because:

(1) Petitioner has not shown that counsel's conduct fell below an objectively reasonable standard.

(2) Petitioner makes claims about events that happened outside of the record, but the Court should not believe his version of the events because he is not credible.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 motion be denied, that the case should remain on the docket and not be dismissed until this Court holds an evidentiary hearing on one ineffective assistance of counsel claim raised by Petitioner.

### III. ANALYSIS

**A.     Petitioner's Burden of Proof**

A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, No. 2:02CR65, 2006 WL 36859, at *2 (E.D.Va. Jan. 4, 2006).

**B.     Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis

4

outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

**C.      Waiver[6]**

In United States v. Attar, 38 F.3d 727 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." Attar, 38 F.3d at 731. The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making],

---

[6]Although Petitioner argues that he has not waived his right to collateral attack because he is making an ineffective assistance of counsel claim regarding the entry of the plea agreement itself, and conduct after entry of the plea agreement, the government has conceded that the issues are properly before this Court. Accordingly, because of the government's concession, this Court will not address the issue of whether the ability to bring these claims has been waived. See Resp. to Pet's Mot. 7.

including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. Then, in United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held that it saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights. Thus, the Fourth Circuit held that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. The Fourth Circuit also noted that it has allowed a "narrow class of claims" to be raised by a defendant on direct appeal despite a general waiver of appellate rights. Specifically, the Fourth Circuit noted that pursuant to United States v. Marin, 961 F.2d 493 (4th Cir.1992) "'a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race,'" and that pursuant to United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) "a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings." Id. at 220, n. 2.

**Claim1: Whether Counsel Rendered Ineffective Assistance During and Leading up to the Guilty Plea by Failing to Investigate the Case and Potential Defenses, in Coercing the Petitioner to Enter an Involuntary Guilty Plea, and in Not Advising Petitioner that he Could Plead Guilty But Still Challenge the Relevant Conduct**

Petitioner argues that his counsel failed to conduct an adequate investigation into the evidence against Petitioner, and instead "pushed" Petitioner to enter a guilty plea. The government argues that this Court need not even address the performance of Petitioner's counsel because Petitioner is unable to demonstrate he was prejudiced by counsel's advice since there is

no evidence he would have insisted on going to trial. The government also argues that there is no evidence that Petitioner was coerced into accepting a guilty plea.

As noted above, counsel's conduct is measured under the two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

In this case, the Court finds Petitioner's allegations do not warrant relief because Petitioner has failed to show his counsel's conduct was deficient or prejudicial. First, with regard to his claim that counsel did not undertake an adequate investigation, Petitioner has failed to identify what physical or testimonial evidence, or what other legal or factual trial defenses were available, that gave rise to his counsel's duty to further investigate. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (a petitioner must explain what additional evidence would have been obtained from the additional interviews or meetings.). Here,

Petitioner makes merely a bare-boned assertion that his attorney "failed to conduct an adequate investigation into the evidence against the Petitioner, or any investigation at all for that matter..." Pet's Mot. 9. Petitioner has not provided the Court with any letters, documents, witnesses, recordings, or any other evidence to support these claims. He has thus failed to meet his burden under § 2255. See Sutton, 2006 WL 36859, at *2; Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

Second, as to Petitioner's next argument, when a petitioner challenged effectiveness of counsel in connection with a guilty plea, the consensual nature of the plea agreement is necessarily implicated. Fields v. Atty. Gen. of Maryland, 956 F.2d 1290, 1296 (4th Cir. 1992), cert. denied, 506 U.S. 885 (1992). Petitioner thus argues that because his counsel was ineffective, he involuntarily entered into the plea agreement. Petitioner claims the plea he signed was involuntary because it was based in part on counsel's refusal to undertake an investigation of his case and because he was told he had only two options: to take the plea offered by the government, or to go to trial where he would get a life sentence. Petitioner argues he in fact had a another option, to plead guilty without stipulating to the relevant conduct, of which he was not made aware. Pet's Mot. 10. The government contends that the record shows Petitioner entered into the plea agreement voluntarily and that his statements to the contrary cannot be credited..

If counsel told Petitioner that, in his opinion, Petitioner had only two viable options in this case, it is likely that counsel did so after a strategic evaluation of the strength of the government's case and the potential penalties on the line There is nothing objectionable about

8

giving such advice, especially in a case like the instant case, where the record indicates there was more than enough evidence to prove the 50 gram object of the conspiracy, which would have led to a 120 month mandatory minimum sentence for Petitioner. And, if Petitioner had only pled to the indictment and not the relevant conduct, or if he had just proceeded to trial, the government could have filed notice of its intent to rely on prior convictions at sentencing, whereby the penalties would double. Therefore, the mandatory minimum would be 20 years on the conspiracy charge, 10 to 80 years on Counts two and three, and up to 30 years on Counts four through six. Given this factual background, the Court cannot say that counsel's performance was ineffective because he strongly counseled Petitioner to enter into a plea agreement, and that if he did not, he would have to go to trial.

However, a different picture presents itself if counsel represented to Petitioner that he had two options, and only two options, thereby neglecting to explain to him that other options existed. Here, Petitioner claims that his counsel did not advise him that he could enter a guilty plea without stipulating to the relevant conduct and thus place the burden of proving relevant conduct on the government at a hearing. If this is the case, counsel's oversight could have import on the issue of whether Petitioner's plea was knowing. The Fourth Circuit addressed this claim on Petitioner's direct appeal, and stated that "any conclusion by this court regarding counsel's discussions with Ward on the issue of relevant conduct would be premised on surmise or speculation, and we decline on direct appeal to consider Ward's arguments regarding his trial counsel's ineffective assistance." United States v. Ward, No. 09-4898, 2010 WL 2058846, at *3 (4th Cir. May 25, 2010). This Court has no more information than the Fourth Circuit did regarding any discussions Petitioner had with his counsel regarding relevant conduct, so

9

likewise, if this Court were to rule on the issue, it would also necessarily be "premised on surmise or speculation." The government, perhaps recognizing this problem, attempted to provide the Court with this information by contacting Petitioner's counsel on June 17, 2011 for a response to his factual claims, but it did not receive a response. Resp. to Pet's Mot. 14, n.7. Accordingly, this Court finds it necessary to grant an evidentiary hearing on the issue of whether defense counsel informed Petitioner of his option to hold a relevant conduct hearing instead of stipulating to the relevant conduct in the plea agreement.

**Issue 2: Whether Counsel Provided Ineffective Assistance Leading up to and During the Sentencing Stage by Failing to Challenge the Relevant Conduct and Drug Quantity Attributed to Petitioner, and Failing to Object to the Government's Decision not to Move for a Reduction at the Sentencing Hearing or Better Inform Petitioner of the Consequences of not Paying the Special Assessment Fee**

Petitioner contends that he was prejudiced by his counsel's unreasonable failure to file objections to the Pre-sentence Report challenging the quantity of drugs that would be attributed to him and by his failure to object to his relevant conduct. He also contends counsel should have objected to the government's decision not to move for a reduction at the sentencing hearing, or better explain to him the consequences of not paying the $100 special assessment fee. The government contends that the relevant conduct evaluation was independently determined by the Probation Office and stipulated to by Petitioner, and that no reasonable attorney would have advised him to challenge this in breach of the plea agreement. The government also contends counsel acted reasonably with regard to objections at the sentencing hearing and informing petitioner about the $100 assessment fee.

First, this Court cannot say that counsel's decision not to challenge relevant conduct or drug quantity after a plea agreement has been entered but before the sentencing hearing indicates

10

that counsel's performance fell below an objective standard of reasonableness. The Court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonably professional assistance. Strickland, 466 U.S. at 689-90. Moreover, there are no absolute rules in determining what reasonable performance is. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995). In this case, it was reasonable for Petitioner's attorney to recommend upholding the plea agreement without challenge because Petitioner had already stipulated to the relevant conduct. During the Rule 11 hearing, the United States explained that there was a stipulation as to the total drug relevant conduct, noting that it was 613.33 grams of cocaine base and 0.853 grams of heroin, Hr'g Tr. 10, and the Court made a finding that Petitioner fully understood and agreed with the terms contained in the plea agreement. Id. at 15. In addition, Petitioner said he understood that the Court may take into account any conduct, circumstances, or injuries relevant to the crimes for which he may be convicted. Id. at 19. Given this record, counsel acted reasonably in displaying caution when Petitioner told him that he wanted to challenge what he had just agreed to.

Second, had Petitioner's counsel done so after entry of the plea agreement as requested, this would have constituted a breach of the agreement. Through the plea agreement, counsel was able to secure for Petitioner dismissal of all five remaining counts and a two-level reduction for acceptance of responsibility. According to paragraphs eight and fifteen of the plea agreement, this would mean the United States could void the agreement, causing the defendant to forfeit his acceptance of responsibility credit and other reductions. Given the potential negative consequences to Petitioner, counsel acted reasonably in not recommending that Petitioner go

11

through with the challenges he suggested. Accordingly, the Court finds this claim to be without merit.

Finally, Petitioner argues that counsel's assistance was ineffective because counsel did not object when the government argued against the additional third offense level reduction for acceptance of responsibility and that he never advised Petitioner that he would be denied the additional reduction if he did not pay the special assessment.

Petitioner's argument on this issue must fail. First, the record indicates that counsel did object. During the sentencing hearing, counsel stated: "My client does object to the refusal of the Government to move for the additional point. I was told that he would be getting that point, and he doesn't have the ability since he's indigent to pay that $100. On the day of the plea, Mr. Mucklow did tell me that the client would be receiving the additional recommendations for one additional point." Sent. Hr'g Tr. 7. However, the Court overruled his objection, saying "the plea agreement says, 'assuming that the – assuming that the $100 is paid.' Unless this differs from any plea agreement I have ever seen, "Contingent upon the defendant's payment of the $100 special assessment fee within 40 days following the entry of his plea, the United States will make the following nonbinding recommendations." Id. Finally, the government took the objection into consideration when asking the Court for a sentence. The United States stated "we would recommend a sentence at the lower end of the Guideline range. Even though, again, we would not have to because of the $100 special assessment. But we'll take the defendant's indigency into account in those [sic] regard." Id. at 13.

Secondly, Petitioner's argument that counsel did not explain the $100 special assessment is not supported by the record. As a rule, a defendant's statements at the plea hearing are taken as

"strong evidence." United States v. DeFusco, 949 F.2d 114, 119, (4th Cir. 1991), cert. denied 503 U.S. 997 (1992). In this case, during the plea hearing, the government read into the record the substance of the plea agreement. The United States explained that the recommendations are "contingent, however, upon the defendant's payment of the $100 special assessment fee." Hr'g Tr. 9. The Court made sure as well that Petitioner was aware that he needed to pay the $100 special assessment fee. The Court inquired: "Do you understand that you must pay a $100 special assessment fee which is due sometime between now and the date of sentencing? Do you understand that?" Id. at 16. Petitioner responded: "Yes, sir." Id. Accordingly, this Court finds Petitioner's arguments to be without merit.

**Issue 3: Whether Petitioner is Entitled to an Evidentiary Hearing**

The petitioner seeks an evidentiary hearing. 28 U.S.C. §2255 provides in pertinent part as follows:

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also United States v. Magini, 973 F.2d 261, 264 (4th Cir.1992)(stating that a federal court "must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle [him] to relief"). But, if it is clear from the pleadings and the files and records that the movant is entitled to no relief, a hearing is not necessary. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Here, for the reasons detailed in the above analysis, this Court is unable to conclusively establish that counsel's performance was not ineffective because it lacks information regarding the discussions Petitioner had with his counsel regarding the possibility of holding a relevant conduct hearing, and if Petitioner was not so informed, why counsel chose not

13

to disclose this information. Therefore, this Court will grant an evidentiary hearing **solely on that issue**. As to all other issues raised by Petitioner, this Court concludes that Petitioner's motion and the government's response conclusively establish that the petitioner is entitled to no relief and thus declines to grant an evidentiary hearing on any other issue.

An evidentiary hearing, solely on the issue of whether Petitioner was informed about his option to have a relevant conduct hearing shall be held on Friday November 18, 2011 at 9:30 a.m. in the United States Magistrate Judge Courtroom, Room 433, 4th Floor, U.S. Courthouse, Wheeling, West Virginia.

Petitioner shall appear by telephone from his place of incarceration. Any other party, counsel or witness who resides or whose principal office is more than 40 miles from the Wheeling point of court may appear by telephone. Counsel for Petitioner shall set up the conference call. All persons appearing by telephone, including Petitioner, shall be on the conference call. The Court cannot conference separate calls.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's §2255 motion be **DENIED** except as to the sole issue of whether counsel rendered ineffective assistance in failing to inform Petitioner that he did not have to stipulate to the relevant conduct but could instead have a relevant conduct hearing. This Court recommends that the case remain open until disposition of this final issue.

For the reasons stated in Fn. 2, pg. 1, the government's Motion to Strike (Dkt. No. 120) is hereby **DENIED AS MOOT**.

14

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to Robert A. Ratliff and Ronald S. Rossi, counsel for the petitioner.

DATED: October 13, 2011

*James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE