IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES WARD,

      Petitioner,

v.                                                                            Civil Action No. 3:11CV42
                                                                        Criminal Action No. 3:09CR32-1

UNITED STATES OF AMERICA,

      Respondent.

**REPORT AND RECOMMENDATION THAT PETITIONER'S
REMAINING § 2255 CLAIMS BE DENIED**

**I. INTRODUCTION**

On May 20, 2011, Charles Ward ("Petitioner") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] The Government filed its Response on July 6, 2011.[2] Petitioner filed a Reply to the Government's response on August 17, 2011. On October 13, 2011, this Court issued a Report and Recommendation recommending that Petitioner's § 2255 motion be denied except as to the sole issue of whether counsel rendered ineffective assistance in failing to inform Petitioner that he did not have to stipulate to the relevant conduct via the plea agreement but could instead have pled guilty and had a relevant conduct hearing. On December 5, 2011, this Court held an evidentiary hearing and argument on the issue. Petitioner appeared by telephone and through his counsel, Robert A. Ratliff and Ronald S. Rossi, by telephone. The United States of America (hereinafter "USA" or "Government") appeared by Thomas O. Mucklow, by telephone. During the evidentiary portion

---

[1]Dkt. No. 111.

[2]Dkt. No. 117.

of the hearing, counsel for Petitioner tendered Petitioner's testimony. The USA tendered the testimony of William M. Gruel, former counsel for Petitioner. No other testimony was taken nor was any other evidence adduced.

## II. FACTS

**A.     Conviction and Sentence**

Pursuant to an Eastern Panhandle Drug and Violent Crimes Task Force investigation, Petitioner was charged in a six-count indictment with conspiracy to distribute and possession with the intent to distribute in excess of 50 grams of cocaine base; distribution and aiding and abetting the distribution of cocaine base; distribution of cocaine hydrochloride; and distribution and aiding and abetting the distribution of heroin, in violation of 21 U.S.C. §§ 812(c), 846, 841(a)(1) and 841(b)(1)(A)-(C), and 18 U.S.C. §2. The indictment was returned on March 18, 2009, in the Northern District of West Virginia, Martinsburg Division.

Following his indictment, Petitioner pled guilty pursuant to a plea agreement which included a stipulation as to the relevant conduct. He pled guilty to Count three, for aiding and abetting in the distribution of 28.7 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), and he agreed to pay a special assessment of $100, in exchange for dismissal of all other counts. Petitioner was then sentenced on September 28, 2009, by Chief Judge John Preston Bailey, to 200 months imprisonment, five years of supervised release, and a $100 special assessment fee. The sentence imposed varied below the applicable guideline range by ten months.

Petitioner filed a direct appeal of his conviction and sentence on September 29, 2009. As grounds therefore, Petitioner asserted ineffective assistance of counsel, arguing that his trial counsel was ineffective in advising him to enter the plea, in failing to advise him of the full

consequences of the plea, and in failing to advise him that he could have a relevant conduct hearing on the subject of the drug quantity he was held responsible for. See United States v. Ward, No. 09-4898, 2010 WL 2058846 (4th Cir. May 25, 2010) (unpublished). The Fourth Circuit can only hear ineffective assistance of counsel claims on direct appeal if the record conclusively establishes ineffective assistance, United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999), and in the Fourth Circuit's *per curium* opinion, in response to Petitioner's argument that his attorney failed to present him with the option of having a relevant conduct hearing, the judges stated:

> The record shows that, at the sentencing hearing, Ward stated to the court that counsel 'never advised me that I could have [a] relevant conduct hearing about' the drug quantity for which he was responsible. However, there was no response from counsel on that matter at the hearing, and the record does not contain any affidavit or response from trial counsel indicating what he recalls telling Ward regarding the relevant conduct and, if he failed to discuss it with Ward, why he chose not to disclose that information. Thus, any conclusion by this court regarding counsel's discussion with Ward on the issue of relevant conduct would be premised on surmise or speculation, and we decline on direct appeal to consider Ward's arguments regarding his trial counsel's ineffective assistance.

Id. at 284 (citation omitted). Accordingly, Petitioner's conviction and sentence were affirmed by the Fourth Circuit on appeal on May 25, 2010. Id.

Because of this ruling, and presumably because bringing claims under a § 2255 motion would allow for a more adequate development of the record, on May 20, 2011, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Petitioner contends he received ineffective assistance of counsel in violation of his Sixth Amendment right in that: (1) counsel was ineffective in failing to research his case, coercing him into signing the plea agreement, and in failing to advise him that he could have a

3

relevant conduct hearing on the subject of the drug quantity he was responsible for, and (2) counsel failed to challenge the relevant conduct and to challenge the drug quantity attributed to him, and failed to challenge the government's decision not to move for a reduction at the sentencing hear, or to explain the consequences of Petitioner's non-payment of the $100 special assessment fee.

This Court issued a Report and Recommendation recommending that Petitioner's § 2255 petition be denied with respect to all claims except Petitioner's claim of ineffective assistance of counsel for his attorney's failure to inform Petitioner that he did not have to stipulate to the relevant conduct but could instead plead not guilty to all counts and have a relevant conduct hearing. This Court also granted Petitioner an evidentiary hearing on that sole issue. This Court held the evidentiary hearing an argument on December 5, 2011, at the conclusion of which the Court advised the parties that this Report and Recommendation would be forthcoming.

**B.     Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's remaining § 2255 claim based on ineffective assistance of counsel be **DENIED** because Petitioner has failed to show he was prejudiced by counsel's actions.

### III. ANALYSIS

Petitioner claims his plea was involuntary as a result of ineffective assistance of counsel because his attorney failed to give him information about the availability of pleading not guilty to all six Counts and holding a relevant conduct hearing. In 1984, the Supreme Court enunciated a two-part test for evaluating claims of ineffective assistance of counsel. According to this two-part test, as stated in Strickland v. Washington, a defendant must show "that counsels's

4

representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 687-88, 694 (1984). The next year, in 1985, the Supreme Court held that the two-part <u>Strickland</u> test also applies to challenges to guilty pleas based on ineffective assistance of counsel. <u>Hill v. Lockart</u>, 474 U.S. 52, 58 (1985). In so doing, the Court stated:

> In the context of guilty pleas, the first half of the <u>Strickland v. Washington</u> test is nothing more than a restatement of the standard of attorney competence already set forth in <u>Tollett v. Henderson</u> and <u>McMann v. Richardson</u>. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would hot have pleaded guilty and would have insisted on going to trial.'

<u>Hill</u>, 474 U.S. at 58-59.

As to the first prong, whether counsel's conduct in this case fell below an objective standard of reasonableness, this Court finds that, while it will certainly not always be true that failure to advise a defendant about the possibility of a relevant conduct hearing is unreasonable, Petitioner's case is one of the rare circumstances in which failure to provide him with advice about this option constituted unreasonable attorney behavior. In general, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case," <u>Strickland</u>, 466 U.S. at 690, and attorney errors cannot be "'defined with sufficient precision to inform defense attorneys correctly just was conduct to avoid. Representation is an art, and an act or omission that in unprofessional in one case may be sound or even brilliant in another.'" <u>Hill</u>, 474 U.S. at 57-58 (quoting <u>Strickland</u>, 466 U.S. at 693). Here, the evidence indicates that this particular Defendant was extremely concerned

5

throughout the plea and sentencing processes about the amount of relevant conduct being attributed to him. At the December 5, 2011 hearing, Petitioner confirmed to the Court that he told his attorney he did not agree with the 613 grams attributed to him, and that Mr. Gruel said he would see what he could do about it, only to come back with that same amount in the plea agreement. Hr'g Tr. 5, 14. Petitioner reiterated that he did not agree that 613 grams was the appropriate amount attributable to him, and counsel and Petitioner continued to talk about this until right before the signing of the plea agreement. Hr'g Tr. 13-15. This is corroborated by Mr. Gruel's testimony; he stated: "he might have off the record said something to me, just between him and me," Hr'g Tr. 29, and that, although he was not sure this happened, if it did neither he nor Defendant relayed this to the Court. Hr'g Tr. 29. Petitioner also continued to be adamant in his protestations leading up to the sentencing phase. Hr'g Tr. 13. Mr. Gruel also offered testimony that Petitioner continued to object to the amount of relevant conduct attributed to him, even going so far as to object to the amount of relevant conduct at the sentencing hearing before Chief Judge John Bailey. Hr'g Tr. 9; Sent. Hr'g Tr. 10. Even with all the evidence of this particular Petitioner's preoccupation with the amount of relevant conduct attributed to him, Mr. Gruel confirmed at the evidentiary hearing that he still did not mention the possibility of a relevant conduct hearing to Petitioner. He stated: "I don't remember talking to him about that." Hr'g Tr. 26. Prevailing norms of practice indicate that because of Petitioner's unique concern about this issue, his counsel did not act reasonably in failing to inform him of all the options open to him.

However, as to the prejudice prong, where the ineffectiveness of counsel causes a defendant to plead rather than take a case to trial, the prejudice prong largely depends on a

prediction about the outcome at a possible trial. Hill, 474 U.S. at 59. If it would be possible for this Court to conclude that the defendant would have gone to trial had his attorney advised him of the possibility of holding a relevant conduct hearing after pleading guilty to all six Counts, and if he likely would have gotten a lesser sentence had he proceeded to trial, then Defendant will have met this prejudice prong. See, e.g., Evans v. Meyer, 742 F.2d 371, 375 (7th Cir. 1984)(where defendant's attorney failed to advise him of a possible intoxication defense, the court stated: "[i]t is inconceivable to us that [the defendant] would have gone to trial on a defense of intoxication, or that if he had done so he either would have been acquitted, or if convicted, would nevertheless have been given a shorter sentence that he actually received"). Here, Defendant seems to claim that had he known about the possibility of pleading guilty to all Counts in the indictment in order to have a relevant conduct hearing, he would have done so, however he never clearly makes this assertion in his petition or reply, neither did he clearly express this at the December 5, 2011 hearing. Moreover, this Court does not find it credible that Defendant would have taken his case to trial just to challenge the amount of relevant conduct, or, that even if he had, he would have been given a shorter sentence than the one he received by taking the plea bargain. See, e.g., Hunter v. United States, 160 F.3d 1109, 1115 (6th Cir. 1998)("we find it highly improbable that [Defendant] would ever have gone to trial rather than plead guilty; the evidence of his culpability was overwhelming, and the possible sentence he faced was far greater than what he got under his plea agreement."). As Mr. Gruel testified at the December 5, 2011 evidentiary hearing, in this case it would not have been a reasonable tactic to plead guilty to the entire indictment to challenge the relevant conduct. Here, "lowering the relevant conduct would only save him a small amount of time," which is more than offset by

7

writing off a bunch of counts. Hr'g Tr. 28. See also Concepcion v. United States, Nos. 97 Civ2961, 93 CR 317, 1997 WL 759431, at *4 (S.D.N.Y. Dec. 10, 1997)("it is abundantly clear that petitioner's decision to plead guilty substantially benefitted him in that, as a result of his guilty plea on the conspiracy count, the government dropped the three other counts against him."). For example, Count one alone, the conspiracy count, which was one of the Counts dismissed via the plea agreement, carried a sentence of ten years to life. Not accepting the plea agreement also would have also meant exposing himself to consecutive sentences for the Counts in the indictment, and this also makes it unlikely that he would have received a more favorable sentence by taking his case to trial. Furthermore, Petitioner has presented no argument that the Government did not have sufficient evidence to convict him on all the charges, and, in fact, his own admission of guilty tends to cut against a finding that the Government would not have been able to get a conviction. In short, the real harm to Petitioner will occur if this Court vacates his guilty plea. The Government, it can assure Petitioner, will not offer to dismiss certain counts in the indictment this time around, and Petitioner would have to suffer the consequences of trial. Accordingly, this Court does not find that Petitioner has demonstrated that he was prejudiced by his attorney's failure to inform him of the possibility of pleading guilty to all counts and them having a relevant conduct hearing requiring the Government would have to prove the amount of drugs attributed to him. Because Petitioner has thus failed to meet the second prong of the Strickland test, this Court must deny this last remaining issue presented in Petitioner's § 2255 petition.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the remainder of Petitioner's

§2255 motion be **DENIED**.

On or before **January 17, 2012**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to Robert A. Ratliff and Ronald S. Rossi, counsel for the petitioner.

DATED: December 22, 2011

*James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE